Justin Cilenti (GC 2321)
Peter Hans Cooper (PHC 4714)
CILENTI & COOPER, PLLC
60 East 42nd Street – 40th Floor
New York, NY 10165
T. (212) 209-3933
F. (212) 209-7102
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSE FLORES HERNANDEZ,

              Plaintiff,

    -against-

JACKPOT DISCOUNT INC. *dba* JACKPOT
DEALS; DYCKMAN DISCOUNT INC. *dba*
JACKPOT DEALS; WILLOUGHBY DISCOUNT INC.
*dba* JACKPOT DEALS; *and* JIAN REN CHEN
*aka* JIANREN CHEN, *individually*,

              Defendants.

Case No.: 25 cv 2056

**COMPLAINT in an
FLSA ACTION**

ECF CASE

---

Plaintiff, Jose Flores Hernandez (herein, "Plaintiff"), by and through his undersigned attorneys, Cilenti & Cooper, PLLC, respectfully files this Complaint against Defendants, Jackpot Discount Inc., dba Jackpot Deals, or any other business entity doing business as Jackpot Deals, at 924 Westchester Avenue, Bronx, New York 10459; Dyckman Discount Inc. dba Jackpot Deals, or any other business entity doing business as Jackpot Deals, at 132 Dyckman Street, New York, New York 10040; Willoughby Discount Inc., dba Jackpot Deals, or any other business entity doing business as Jackpot Deals, at 81 Willoughby Street, Brooklyn, New York 11201; and Jian Ren Chen, also

known as Jianren Chen, individually, (collectively, "the Defendants"), and states as follows:

## INTRODUCTION

1.      Plaintiff alleges, pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), that he is entitled to recover from the Defendants: (1) unpaid wages and minimum wages; (2) unpaid overtime compensation; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2.      Plaintiff further alleges, pursuant to the New York Labor Law, that he is entitled to recover from the Defendants: (1) unpaid wages and minimum wages; (2) unpaid overtime compensation; (3) unpaid "spread of hours" premium for each day he worked in excess of ten (10) hours; (4) liquidated damages and statutory penalties pursuant to the New York State Wage Theft Prevention Act; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because substantial conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.      Plaintiff is an adult resident of Bronx County, New York.

6.      Upon information and belief, Defendant, Jackpot Discount Inc., dba Jackpot Deals, is a business entity organized and existing under the laws of the State of

2

New York, with a principal place of business located at 924 Westchester Avenue, Bronx, New York 10459.

7.    Upon information and belief, Defendant, Dyckman Discount Inc., dba Jackpot Deals, is a business entity organized and existing under the laws of the State of New York, with a principal place of business located at 132 Dyckman Street, New York, New York 10040.

8.    Upon information and belief, Defendant, Willoughby Discount Inc., dba Jackpot Deals, is a business entity organized and existing under the laws of the State of New York, with a principal place of business located at 81 Willoughby Street, Brooklyn, New York 11201.

9.    Upon information and belief, Defendant, Jian Ren Chen, aka Jianren Chen, is the owner, officer, director and/or managing agent of Jackpot Deals, at various locations in New York City and the metro area, (corporate defendants hereinafter collectively referred to as "Jackpot Deals"), whose resides in Queens County, and who participated in the day-to-day operations of Jackpot Deals and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Jackpot Deals.

10.    Products sold at Jackpot Deals traveled interstate before being sold at Jackpot Deals, at multiple locations of the discount store.

11.    The performance of Plaintiff's job responsibilities was controlled by the corporate and individual defendants.

3

12.    The individual defendant Jian Ren Chen, exercised control over the terms and conditions of Plaintiff and other similarly situated employees' employment, in that he has and had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control work of the employees, including Plaintiff herein, and (v) otherwise affect the quality of his employees' employment.

13.    At all times relevant to this action, Defendant Jian Ren Chen exercised sufficient control over Jackpot Deals' day-to-day operations, at its multiple locations, as to be considered an employer of Plaintiff under the FLSA and New York Labor Law.

14.    Defendant Jian Ren Chen assigned stores where plaintiff was required to work, and changed such assignments periodically; set his hours, duties and compensation; paid plaintiff; and ultimately terminated his employment.

15.    At all relevant times, Jackpot Deals was, and continues to be, "enterprises engaged in commerce" within the meaning of the FLSA.

16.    At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff lawfully earned wages and minimum wages for hours worked, in contravention of the FLSA and New York Labor Law.

17.    At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff lawfully earned overtime compensation in contravention of the FLSA and New York Labor Law.

18.    At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff lawfully earned "spread of hours" premiums in contravention of the New York Labor Law.

19. Defendants, Jackpot Discount Inc., dba Jackpot Deals; Dyckman Discount Inc. dba Jackpot Deals; and Willoughby Discount Inc., dba Jackpot Deals were, and continue to be, "enterprises engaged in commerce" within the meaning of the FLSA in that they (i) have and have had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) have and have had an annual gross volume of sales of at least $500,000.

20. At all relevant times, the work performed by Plaintiff was directly essential to the businesses operated by defendants.

21. Plaintiff worked for the corporations and directly for its owner, Jian Ren Chen, whom plaintiff knew as "Jay".

22. The corporate defendants are separate corporations and business entities, but they engaged or engage in related activities, namely, operating discount stores in New York City.

23. The corporate defendants shared Plaintiff and other employees, acted in the interest of each other with respect to employees, and paid their employees by the same method.

24. The performance of Plaintiff's job responsibilities, as well as the responsibilities of other similarly situated employees, was and continues to be controlled by one person or group of persons, corporations, or other organizational units acting together.

25. The corporate defendants share a common commercial business purpose, namely, operating nearly identical discount stores doing business as "Jackpot Deals", with similar signage and products for sale to the public.

26. Upon information and belief, an arrangement existed between the corporate defendants whereby the entities agreed to share the services of Plaintiff and other employees.

27. Upon information and belief, the corporate defendants, doing business as, Jackpot Deals, shared control of Plaintiff.

8. Plaintiff, Jose Flores, was employed by Defendants in Bronx County and other counties in New York City, as a general helper and stock person / cleaner, at Defendants' retail stores, during approximately six (6) years, from on or around 2018 through on or about January 1, 2024.

9. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

### STATEMENT OF FACTS

10. In or about 2018, Plaintiff, Jose Flores Hernandez, was hired by Defendants to work as a general associate / helper at Defendants' store known as "Jackpot Deals".

11. Plaintiff, Jose Flores Hernandez, worked continuously for the Defendants between 2018, through on or about January 15, 2024.

12. Plaintiff, Jose Flores Hernandez, worked at multiple locations of "Jackpot Deals", in New York City. He was assigned the store location by Defendant Jian Ren Chen, and transferred to different locations based upon the needs of the business.

13. During the course of his employment by the Defendants, Plaintiff Jose Flores Hernandez worked over forty (40) hours per week. Plaintiff generally worked six (6) days a week, and his work shift consisted of approximately eleven (11) hours per day. Some weeks he worked a seventh day.

14. During the most recent six (6) years of his employment, Plaintiff was paid at a rate of nine hundred dollars ($900.00) per week, in cash, and worked approximately sixty-six (66) hours per week.

15. Plaintiff worked over forty (40) hours per week.

16. Plaintiff was always paid wages in cash, in a plain white envelope.

17. Plaintiff's work performed above forty (40) hours per week (overtime) was not paid at time and one-half the statutory minimum rate as required by state and federal law.

18. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiff.

19. Defendants knowingly operated their business with a policy of not paying Plaintiff either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

20. Defendants knowingly operated their business with a policy of not paying New York State "spread of hours" premiums to Plaintiff when his hours exceeded ten (10) hours in one (1) workday, which occurred each workday.

21.    At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate time records.

22.    Plaintiff did not punch a time clock or otherwise document his start and end times on a contemporaneous basis.

23.    Plaintiff's employer did not keep track of his daily working hours.

24.    At all times relevant to this action, Plaintiff's compensation was a based on a daily salary, not an hourly rate of pay.

25.    The individual Defendant, Jian Ren Chen, owns the stock of the corporate defendants, and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

26.    Plaintiff was paid "off the books", in cash.

## STATEMENT OF CLAIM
### COUNT I
### [Violation of the Fair Labor Standards Act]

27.    Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "26" of this Complaint as if fully set forth herein.

28.    At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

29.    At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

30.    During the most recent three (3) years, Defendants have had gross revenues in excess of $500,000.

31.    Plaintiff was paid less than the statutory minimum wage.

32.    At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff for all of the hours he worked.

33.    Plaintiff was entitled to be paid at the rate of time and one-half the statutory minimum for all hours worked in excess of forty (40) per week.

34.    Defendants failed to pay Plaintiff overtime compensation in the lawful amount for all hours worked in excess of the maximum hours as provided for in the FLSA.

35.    At all relevant times, Defendants had, and continue to have, a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

36.    Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) per week, when they knew or should have known such was due and that failing to do so would financially injure Plaintiff.

37.    The Defendants failed to make, keep and preserve records with respect to its employees sufficient to determine the wages, hours and other conditions and practices

9

of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

38.    Records, if any, hours worked by Plaintiff and the actual compensation paid to Plaintiff may be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

39.    Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

40.    As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

41.    Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid minimum wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

42.    Plaintiff is entitled to an award of his reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

43.    Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "42" of this Complaint as if fully set forth herein.

44.    At all relevant times Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

45.    Defendants knowingly and willfully violated Plaintiff's rights by failing to pay minimum wages in the lawful amount for hours worked.

46.    Defendants knowingly and willfully violated Plaintiff's rights by failing to pay overtime compensation at the rate of not less than one and one-half times the statutory minimum rate of pay for each hour worked in excess of forty (40) hours in a workweek.

47.    Defendants knowingly and willfully violated Plaintiff's rights by failing to pay "spread of hours" premium to Plaintiff for each day he worked more than ten (10) hours pursuant to New York State Department of Labor Regulations §§ 137-1.7; 142-2.4.

48.    Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, unpaid overtime wages, unpaid "spread of hours" premiums, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198. Plaintiff also seeks liquidated damages pursuant to New York Labor Law § 663(1).

### COUNT III
### [Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]

49.    Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "48" of this Complaint as if fully set forth herein.

50.    The New York State Wage Theft Prevention Act, New York Labor Law § 195(1), requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

51.    The New York State Wage Theft Prevention Act, New York Labor Law § 195(3), requires every employer to notify its employees, in writing, with every payment

11

of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

52.    At times relevant to this action Plaintiff was paid cash, and not provided with a wage statement as required by law, New York Labor Law § 195(3).

53.    Upon information and belief, Defendants' record keeping practices were intended to, and did in fact, disguise the actual number of hours Plaintiff worked, in order to avoid paying him for his full hours worked; and, overtime due.

54.    Defendants disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate timesheets and payroll records.

55.    By failing to provide a wage notice and weekly wage statement, identifying his actual hours worked, Defendants prevented Plaintiff from determining and seeking payment for the precise number of unpaid hours and, therefore, prevented Plaintiff from promptly and precisely raising issues of underpayment with his employers. As a result, Plaintiff was harmed by being deprived of income for longer than he would have been had he been able to raise the issue earlier and may never receive adequate compensation for all the hours he worked as such hours can only be approximated.

56.    As a result of Defendant's violations of New York Labor Law § 195(1), for the period April 9, 2011 through present, Plaintiff may recover statutory penalties, not to exceed a total of five thousand dollars ($5,000), together with costs and reasonable attorney's fees in accordance with New York Labor Law § 198 (1-b).

57.    As a result of Defendant's violations of New York Labor Law § 195(3), for the period April 9, 2011 and thereafter, Plaintiff may recover statutory penalties for

each work week Defendants failed to provide Plaintiff with wage notices, not to exceed a total of five thousand dollars ($5,000), together with costs and reasonable attorney's fees in accordance with New York Labor Law § 198 (1-d).

58.    Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act and as such are liable for civil penalties, attorneys' fees, and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, respectfully requests that this Court grant the following relief:

(a)    A declaratory judgment that the practices complained of herein were unlawful and in violation of Plaintiff's rights under the FLSA and New York Labor Law;

(b)    An award of unpaid wages, minimum wages and overtime compensation, due under the FLSA and New York Labor Law;

(c)    An award of unpaid "spread of hours" premiums due under the New York Labor Law;

(d)    An award of statutory damages for failure to provide wage notices and wage statements, as well as civil penalties pursuant to the New York State Wage Theft Prevention Act;

(e)    An award of liquidated damages as a result of Defendants' failure to pay wages, minimum wages and overtime compensation pursuant to 29 U.S.C. § 216 and the New York Labor Law;

(f)    An award of prejudgment and post-judgment interest;

(g)    An award of costs and expenses associated with this action, together with

reasonable attorneys' fees;

(h)    Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
       March 12, 2025

Respectfully submitted,

CILENTI & COOPER, PLLC
**Counsel for Plaintiff**
60 East 42nd Street – 40th Floor
New York, NY 10165
Telephone  (212) 209-3933
Facsimile  (212) 209-7102
pcooper@jcpclaw.com

By:    _____
       Peter Hans Cooper  (PHC 4714)

14

## NOTICE OF INTENTION TO ENFORCE MEMBER
## LIABILITY FOR SERVICES RENDERED

To:    Jian Ren Chen

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Jose Flores Hernandez intends to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of Jackpot Discount Inc. dba Jackpot Deals, and related entities, for all debts, wages and / or salaries due and owing to them as laborers, servants, and / or employees of said corporations, for services performed for said corporation within six (6) years preceding the date of this notice, and have expressly authorized the undersigned, as his attorney, to make this demand on his behalf.

Dated: New York, New York
       March 12, 2025

Respectfully submitted,

By:    _____
       Peter H. Cooper  (PHC 4714)

CILENTI & COOPER, PLLC
**Attorneys for Plaintiff**
60 East 42nd Street – 40th Floor
New York, NY 10165
Telephone  (212) 209-3933
Facsimile (212) 209-7102
E-mail: pcooper@jcpclaw.com

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, _Jose Flores Hernandez_ , am an employee currently or formerly

employed by _Jackpot Deals_ , and/or related entities. I consent to be a

plaintiff in an action to collect unpaid wages.

Dated: New York, New York
_January 23_ , 2024

_Jose Flores_