UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE FLORES HERNANDEZ,

> Plaintiff,

– *against* –

JACKPOT DISCOUNT INC. *d/b/a*
JACKPOT DEALS, DYCKMAN
DISCOUNT INC. *d/b/a* JACKPOT
DEALS, WILLOUGHBY DISCOUNT
INC. *d/b/a* JACKPOT DEALS, *and* JIAN
REN CHEN *a/k/a* JIANREN CHEN,

> Defendants.

**OPINION & ORDER**

25-cv-02056 (ER)

RAMOS, D.J.:

Jose Flores Hernandez ("Flores") brings this action against defendants Jackpot

Discount Inc. (d/b/a Jackpot Deals), Dyckman Discount Inc. (d/b/a Jackpot Deals),

Willoughby Discount Inc. (d/b/a Jackpot Deals), and Jian Ren Chen (a/k/a Jianren Chen,

stock owner and supervisor) (collectively with the three corporations, "Defendants") for

violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law

("NYLL").  Doc. 1.  Before the Court is Defendants' motion to dismiss the complaint for

failure to state a claim.  Doc. 23.  For the reasons set forth below, Defendants' motion is

DENIED.

## I.    BACKGROUND

The following facts have been taken from the complaint and are presumed true for

the purposes of this motion.  *See* Doc. 1.  Flores was hired by Defendants to work as a

general helper and stock person for the Defendants' three stores, which were known as

"Jackpot Deals," from 2018 to January 2024.  Doc. 1 at 6 ¶¶ 8, 10-11.[1]  These stores were

all discount stores using similar signage, selling similar products, and sharing employees,

---

[1] Due to paragraph numbers 8-27 repeating throughout the first seven pages of the complaint, the Court adds a page number for clarity.

including Flores.  *Id.* at 5 ¶ 23, 6 ¶ 25.  Flores worked for the corporate Defendants and their owner, Chen.  *Id.* at 5 ¶ 21.  Chen assigned Flores to work at specific stores, transferred him to different locations based on the needs of the business, and set his hours, duties, and compensation.  *Id.* at 4 ¶ 14, 6 ¶ 12.  Chen also paid Flores and terminated him in January 2024.  *Id.* at 4 ¶ 14.

Throughout his employment, Flores generally worked eleven hours a day, six days a week, for which he was paid nine hundred dollars in cash weekly, which was given to him by Chen in a plain white envelope.  *Id.* at 7 ¶¶ 13-14, 16.  Some weeks Flores worked more hours, but he was paid the same weekly rate regardless of his hours worked.  *Id.* at 7 ¶ 13, 8 ¶ 24.  Chen did not track Flores' hours, and Flores did not document his hours by way of a time clock or other system.  *Id.* at 8 ¶¶ 22-23.  When paid, Flores was not provided with pay stubs or any other documentation of his wages and hours, which he claims prevented him from determining and seeking payment for the precise number of unpaid hours.  *Id.* at ¶¶ 51-52, 55.  Flores claims that he was therefore denied his full minimum wage, overtime, and spread-of-hours pay, to which he was entitled to under FLSA and NYLL.  *Id.* at 7 ¶¶ 17-20.

Flores filed this action on March 12, 2025, alleging compensation violations under the FLSA and NYLL.  Doc. 1.  The case was subsequently referred for court-ordered mediation on June 6, 2025, Doc. 13, which was unsuccessful, Doc. 17.  Defendants moved to dismiss the complaint on October 31, 2025, Doc. 22, attaching two exhibits to their motion:

- Exhibit A is a schedule G to IRS Form 1120 for Defendant Jackpot Discount Inc.; [2]
- Exhibit B is a schedule G to IRS Form 1120 for Defendant Dyckman Discount Inc.

---

[2] Form 1120 is the U.S. Corporation Income Tax Return.  Schedule G to Form 1120 is used to provide information on a corporation's voting stock owners.

## II.    LEGAL STANDARD

When ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in Flores' favor. *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014). The court is not required to credit "mere conclusory statements" or "threadbare recitals of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also id.* at 681 (citing *Twombly*, 550 U.S. at 551). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). More specifically, the plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the plaintiff has not "nudged [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 680.

The question in a Rule 12 motion to dismiss "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 615 (S.D.N.Y. 2012) (quoting *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 278 (2d Cir. 1995)) (internal quotation marks omitted). "[T]he purpose of Federal Rule of Civil Procedure 12(b)(6) 'is to test, in a streamlined fashion, the formal sufficiency of the plaintiff's statement of a claim for relief without resolving a contest regarding its substantive merits,'" and without regard for the weight of the evidence that might be offered in support of the plaintiff's claims. *Halebian v. Berv*, 644 F.3d 122, 130 (2d Cir. 2011) (quoting *Global Network Communications, Inc. v. City of New York*, 458 F.3d 150, 155 (2d Cir. 2006)).

3

### III.    DISCUSSION

#### A.  Extrinsic Evidence

As a preliminary matter, the Defendants urge the Court to consider or take judicial notice of the two Exhibits attached to their memorandum of law in support of their motion to dismiss.  Doc. 23 at 6, 11, 13.  When ruling on a motion to dismiss pursuant to Rule 12(b)(6), a district court generally must confine itself to the four corners of the complaint and look only to the allegations contained therein.  *Roth v. Jennings,* 489 F.3d 499, 509 (2d Cir. 2007).  Pursuant to Federal Rule of Evidence 201(b), however, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it:  (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  A court may consider matters subject to judicial notice when ruling on a 12(b)(6) motion.  *See Staehr v. Hartford Financial Services Group, Inc.*, 547 F.3d 406, 425 (2d Cir. 2008); *see also Global Network Communications, Inc.*, 458 F.3d at 157.

Though the Court "may take judicial notice of a fact on its own, or must take judicial notice of a fact if a party requests it and the court is supplied with the necessary information," Fed. R. Evid. 201(c), "[c]entral to Rule 201 . . . is the notion that federal courts take judicial notice of facts, not documents." *Sullivan v. Gelb*, No. 1:23-CV-5194 (GHW) 2023 WL 8236046, at *1 (S.D.N.Y. Nov. 27, 2023) (citing *In re Manning*, 620 B.R. 199, 207 (W.D.N.Y. 2020)).  In addition, "[s]everal courts have noted that '[a] party requesting judicial notice bears the burden of persuading the trial judge that the fact is a proper matter for judicial notice.'" *Id*. (quoting *Wise v. City of Portland*, 539 F. Supp. 3d 1132, 1143 n.8 (D. Or. 2021)).

The Defendants argue that Exhibits A and B are admissible pursuant to Rule 201(b)(2) because they are copies of Defendants' IRS Form 1120, the official U.S. Corporation Income Tax Return, making them "accurately and readily determined from sources contained in government documents, as such documents presumably contain

4

facts whose accuracy cannot reasonably be questioned." Doc. 23 at 6. Exhibits A and B, however, are clearly incomplete Form 1120s. Doc. 23 at 11, 13. The Exhibits include only schedule G and not the entire Form 1120 required for submission to the IRS. Without the form in its entirety, the Court cannot know what year these documents cover, and therefore whether the Exhibits are relevant at all. In addition, the Exhibits are simply appended to Defendants' memorandum of law and are not accompanied by an affidavit of an individual with knowledge of their authenticity. Further, no similar schedule is provided for Defendant Willoughby Discount Inc. Finally, pursuant to 26 U.S.C. § 6103, tax returns are not publicly available, which differentiates them from the exhibits at issue in *ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007), which the Defendants cited in their reply brief to further support this motion. *See* Doc. 26 at 6.

The Defendants also allege the complaint "incorporated the ownership information by reference," Doc. 26 at 6 (citing Doc. 1 at ¶ 25),[3] which would allow a district court to consider both exhibits in a motion to dismiss. *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). For a document to be incorporated by reference, "the complaint must make 'a clear, definite, and substantial reference to the document,'" *DeLuca v. AccessIT Group, Inc.*, 695 F. Supp. 2d 54, 60 (S.D.N.Y. 2010) (quoting *Helprin v. Harcourt, Inc.*, 277 F. Supp. 2d 327, 330–31 (S.D.N.Y. 2003)), and "it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document," *DiFolco*, 622 F.3d at 111 (quoting *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006)).

The cited portion of the complaint states that "the individual Defendant, Jian Ren Chan, owns the stock of the corporate defendants." Doc. 1 at 8, ¶ 25. As a preliminary matter, the complaint does not reference any document at all, much less an IRS document, which is reason enough to deny Defendants' request. More to the point,

---

[3] There are two "¶ 25" in the complaint. For purposes of this opinion, the Court understands the Defendants to be referring to ¶ 25 in Doc. 1 at 8.

"[m]erely mentioning a document in the complaint will not satisfy this standard; indeed, even offering 'limited quotation[s]' from the document is not enough." *Goel v. Bunge, Ltd.*, 820 F.3d 554, 558 (2d Cir. 2016) (quoting *Global Network Communications, Inc.*, 458 F.3d at 156).  Furthermore, Flores challenges the authenticity of the documents, stating that they "raise questions not resolvable on a pre-answer motion to dismiss." Doc. 24 at 6.

For the reasons set forth above, the Court will not consider Exhibits A and B.

### B. Flores sufficiently alleges that the Defendants are a single employer.

The Defendants move to dismiss the claims against them on the ground that Flores did not adequately establish that the single employer doctrine applies.  Doc. 23 at 5. Defendants first argue that the complaint does not plausibly allege that the corporate Defendants were "a single integrated enterprise at the alleged time of [Flores'] employment" based on the stock ownership information contained in Exhibits A and B. Doc. 23 at 6.  This argument, however, relies entirely on the Exhibits, which the Court is not considering.  Without this evidence, Defendants' argument lacks a basis in fact.

A single employer relationship exists where "two nominally separate entities are actually part of a single integrated enterprise." *Spiciarich v. Mexican Radio Corp.*, No. 14–Cv–9009 (SHS), 2015 WL 4191532, at *5 n. 5 (S.D.N.Y. July 10, 2015) (quoting *Arculeo v. On–Site Sales & Mktg., LLC*, 425 F.3d 193, 198 (2d Cir. 2005)).  Once this relationship is established, an employee can "impose liability for certain violations of employment law" on both the "nominal employer" and any other entity included in the single integrated employer.  *Id.* (quoting *Arculeo*, 425 F.3d at 198).  "The Second Circuit has never endorsed this theory of liability in the FLSA context, and district courts in this Circuit are divided on its application to FLSA and NYLL cases." *Id.*

The Court agrees with Plaintiffs that the theory is at least potentially available in FLSA cases, given the proper evidence.  "While the Second Circuit has yet to rule on whether the 'integrated enterprise/single employer doctrine' is applied in FLSA cases, the

'shared policy concerns underlying the . . . doctrine and the FLSA' urge the theory's application to FLSA claims." *Lopez v. Pio Pio NYC, Inc.*, No. 13-CV-4490 (HB), 2014 WL 1979930, at \*3 (S.D.N.Y. May 15, 2014) (quoting *Chen v. TYT East Corp.*, No. 10 Civ. 5288 (PAC), 2012 WL 5871617, at \*3 (S.D.N.Y. Mar. 21, 2012)). "Absent a clear resolution of this issue, district courts have discretion to consider the theory because the Second Circuit 'has treated employment for FLSA purposes as a flexible concept to be determined on a case-by-case basis by review of the totality of the circumstances.'" *Id.* (quoting *Barfield v. N.Y.C. Health & Hospitals Corp.*, 537 F.3d 132, 141–42 (2d Cir. 2008)).

To determine whether distinct entities operate as a single integrated enterprise, "courts consider (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." *Juarez v. 449 Restaurant, Inc.*, 29 F. Supp. 3d 363, 367 (S.D.N.Y. 2014). In *Juarez*, the district court found that a chain of diners was owned and managed by the same person, used similar décor, menus, and uniforms, and that the complaint suggested "centralized control of labor," which was sufficient to qualify the diners as single employers under the FLSA. *Id.* at 368. Similarly, in *Flores v. 201 West 103 Corp.*, the district court found that a group of restaurants with common ownership, selling similar menu items, and sharing employees was plausibly alleged to be a single integrated enterprise under FLSA. 256 F. Supp. 3d 433, 442 (S.D.N.Y. 2017).

Here, Flores alleges in his complaint that he was hired by "Jackpot Deals" to work as a general associate. Doc. 1, 6 ¶ 10. Chen then assigned Flores to work across the Defendants' three stores, changing his assignments as needed. Doc. 1, 6 ¶ 12. The three corporate Defendants not only share the same d/b/a name—Jackpot Deals—but are also "nearly identical . . . with similar signage and products for sale." Doc. 1, 6 ¶ 25. Chen paid the Plaintiff for his work across all three store locations and ultimately terminated his employment. *Id.* Based on these factors, Flores has plausibly alleged that

the three entities operate as a single integrated enterprise, constituting a single employer for FLSA purposes.

### C. Flores sufficiently alleges that Chen is an employer.

Defendants also argue that the claims against Chen should be dismissed because Flores failed to assert plausible allegations that would qualify Chen as an employer under the economic reality test. Doc. 23 at 6–8. In *Carter v. Dutchess Community College*, 735 F.2d 8, 12 (2d Cir. 1984), the Second Circuit adopted an "economic reality" test to assess whether a defendant is an employer under the FLSA. This test considers whether the defendant "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.*

These factors are to be considered under the totality of circumstances. *Barfield*, 537 F.3d at 142–43. Further, none of these factors is dispositive, nor are they exclusive. *Id.* Although the *Carter* factors may be sufficient to establish employment status, they are not necessary to do so. *See Zheng v. Liberty Apparel Co. Inc.*, 355 F.3d 61, 71 (2d Cir. 2003). In *Barfield*, the Second Circuit considered the variety of formal and functional factors set forth in *Carter* and *Zheng* in an effort to "give proper effect to the broad language of the FLSA" and held that there is "no rigid rule for the identification of a FLSA employer." *Id*. "The Second Circuit 'has treated employment for FLSA purposes as a flexible concept to be determined on a case-by-case basis by review of the totality of the circumstances.'" *Irizarry v. Catsimatidis*, 722 F.3d 99, 104 (2d Cir. 2013) (quoting *Barfield*, 537 F.3d at 141-42).

"Officers and owners of corporations may be deemed employers under the FLSA where 'the individual has overall operational control of the corporation, possesses an ownership interest in it, controls significant functions of the business, or determines the employees' salaries and makes hiring decisions.'" *Ansoumana v. Gristede's Operating Corp.*, 255 F. Supp. 2d 184, 192 (S.D.N.Y. 2003) (quoting *Lopez v. Silverman*, 14 F.

Supp. 2d 405, 412 (S.D.N.Y. 1998)).  However, "[n]othing in . . . the FLSA itself requires an individual to have been personally complicit in FLSA violations."  *Irizarry*, 722 F.3d at 110.  "Instead, 'evidence showing [an individual's] authority over management, supervision, and oversight of [a company's] affairs in general' is relevant to 'the totality of the circumstances in determining [the individual's] operational control of [the company's] employment of [the plaintiff employees].'"  *Id.* (quoting *Herman v. RSR Security Services Ltd.*, 172 F.3d 132, 140 (2d Cir. 1999)).

The Defendants argue that Chen "could not be [Flores'] employer when [Flores] worked for . . . Dyckman Discount Inc.," Doc. 23 at 8, because he did not control Dyckman Discount Inc. since he did not own its stock.  Doc. 23 at 7.  This argument is both conclusory and relies on inadmissible evidence, therefore the Court does not rely on these statements for the purposes of this motion.

The Defendants next argue that the claims against Chen should be dismissed because Flores failed to plausibly establish that he was an employer under the economic reality test.  Doc. 23 at 8.  The Court disagrees.  As alleged in the complaint, "Chen assigned [Flores] to work at specific stores, periodically transferred his assignments to different locations based on the needs of the business, and set his hours, duties, and compensation.  Doc. 1 at 4 ¶ 14, 6 ¶ 12.  Chen also paid Flores and terminated him.  *Id.* at 4 ¶ 14."  "*Carter*'s 'economic reality' test does not create separate elements that must be satisfied to survive the motion to dismiss stage, but rather *factors* that must be collectively analyzed under the totality of the circumstances to determine whether there is a plausible claim."  *Perez Perez v. Escobar Construction, Inc.*, No. 23-1240-CV, 2024 WL 3594325, at *3 (2d Cir. July 31, 2024) (citing *Herman*, 172 F.3d at 139–40).  The Court finds that Flores has, at this juncture, alleged sufficient facts to consider Chen an employer.

9

**D. Action against "*d/b/a* Jackpot Deals"**

Defendants seek to dismiss any claim against the three entities d/b/a (doing business as) "Jackpot Deals," as a matter of law stating that a d/b/a is not a legal entity. Doc. 23 at 8-9. The Court agrees that suing a d/b/a on its own would be improper, as "it is well settled 'that a trade name . . . has no separate jural existence, and that it can neither sue nor be sued independently of its owner.'" *United States ex rel. Gordon v. Shiel Medical Laboratory*, No. 16-CV-1090 (NGG) (TAM), 2025 WL 949432, at *8 (E.D.N.Y. Mar. 29, 2025) (quoting *Provosty v. Lydia E. Hall Hospital*, 457 N.Y.S.2d 106, 108 (2d Dep't 1982)). Flores, however, has also named the underlying Defendant corporations and has not sued "d/b/a Jackpot Deals" individually. As "Jackpot Deals" are not named as stand-alone defendants in this case, this argument lacks merit.

## IV. CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss pursuant to Rule 12(b)(6) is DENIED. Defendants are directed to file an answer to the complaint by July 15, 2026. The Clerk of Court is respectfully directed to terminate the motion, Doc. 22.

It is SO ORDERED.

Dated:   June 24, 2026
         New York, New York

_____
EDGARDO RAMOS, U.S.D.J.

10